FILED
JAMES J. VILT, JR. - CLERK
DEC 18 2024
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　　　　　　CRIMINAL NO. 3-:24-CR-26-DJH

JORDAN A. FAUTZ　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, Jordan A. Fautz, and his attorney, Frank Mascagni, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Superseding Indictment in this case with violations of Title 18, United States Code, Sections 2252A(a)(2), (a)(5)(B), (b)(1) and (b)(2), 1466A(a)(1) and (d)(4). Defendant further acknowledges that the Superseding Indictment in this case seeks forfeiture of all obscene material and visual depictions which were produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property pursuant to Title 18, United States Code, Sections 1467(a), and 2253(a), by reason of the offenses charged in the Superseding Indictment.

2. Defendant has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Counts 1 through 7 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

On or about March 31 and November 30, 2022, Fautz used s social media application to upload images and videos of child pornography to a chat group. On or about December 19, 2023, Fautz used a social media application to upload a photograph collage depicting a minor female between 12-15 years old with her face merged onto the body of a different nude female's body. The body was masturbating with her vagina and breasts exposed. On that same date, Fautz uploaded to a chat group numerous other images of minor's faces on the body of females engaged in sexually explicit conduct.

On or about January 3, 2024, Fautz used a cloud storage application to send an undercover FBI agent several folders. One of the folders was titled "xxx" and contained 181 images and videos of child sexual abuse material with a mix of actual child pornography and morphed or photoshopped images and videos depicting an obscene visual representation of child sexual abuse.

On or about February 2, 2024, the FBI executed a search warrant on Fautz's residence and seized his computers and cellular phone. Those devices contained images of child pornography. A further review of those devices revealed that Fautz used multiple photo editing applications and software to create fake nude images of middle school aged girls. The earliest image was created on November 27, 2020, using a face swapping application. That image depicted a minor's head affixed to a body engaged in sexually explicit conduct.

4.      Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 5 years a combined maximum term of

2

imprisonment of 120 years, a combined maximum fine of $1,500,000, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all obscene material and visual depictions which were produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property pursuant to Title 18, United States Code, Sections 1467(a), and 2253(a).

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.   Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Superseding Indictment counts to which he pleads guilty.

9.   Defendant acknowledges that two victims are seeking restitution, but the parties do not have an agreement on restitution. The defendant does agree that if restitution is ordered, the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.  Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $600 to the United States District Court Clerk's Office by the date of sentencing. Defendant further acknowledges that he is mandated to pay a $5,000 special assessment, per count, for Counts 1, 2, 5, and 6, for a total of $20,000, pursuant to Title 18 U.S.C. § 3014, if the Court finds that he is non-indigent.

11.  At the time of sentencing, the United States and the defendant agree to the following:

> -agree that a sentence of 235 months is the appropriate disposition of this case.

-agree to recommend a fine at the lowest end of the applicable
Guideline Range to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable
Guideline for "acceptance of responsibility" as provided by
§3E1.1(a) and (b) is appropriate, provided the defendant does not
engage in future conduct which violates any federal or state law,
violates a condition of bond, constitutes obstruction of justice, or
otherwise demonstrates a lack of acceptance of responsibility.
Should such conduct occur and the United States, therefore,
opposes the reduction for acceptance, this plea agreement remains
binding and the defendant will not be allowed to withdraw his plea.

-agree that the defendant shall not directly or through proxy
attempt to contact the minor victims or their immediate family
members during his term of incarceration or supervised release.

-demand forfeiture of Samsung cellular phone serial number:
R28K633L40N; HP Desktop serial number: MXL1340QGR; and
Dell Laptop serial number: GX136M3.

12. Defendant agrees to the following waivers of appellate and post-conviction rights:

   A. The Defendant is aware of his right to appeal his conviction and that 18
      U.S.C. § 3742 affords a defendant the right to appeal the sentence
      imposed. Unless based on claims of ineffective assistance of counsel or
      prosecutorial misconduct, the Defendant knowingly and voluntarily waives
      the right to directly appeal his conviction and the resulting sentence pursuant
      to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

   B. The Defendant is aware of his right to contest or collaterally attack his
      conviction and the resulting sentence under 28 U.S.C. § 2255 or
      otherwise. Unless based on claims of ineffective assistance of counsel or
      prosecutorial misconduct, Defendant knowingly and voluntarily waives any
      collateral attack argument; and

   C. The defendant knowingly and voluntarily agrees to limit any motion for
      compassionate release for extraordinary and compelling reasons, pursuant to
      18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the
      grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and
      voluntarily waives the option to move for compassionate release based on any

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Superseding Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

6

non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Superseding Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Superseding Indictment based upon any pending or completed administrative or civil forfeiture actions.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry

of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture) and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

20. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he/she may have with respect to the greater offense if the court subsequently rejects the parties' plea agreement--even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

21. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

22. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (34 USC §§ 20901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that he must notify the relevant registration authority with information relating to intended travel outside the United States. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

23. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____  12/18/24
A. Spencer McKiness                 Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

X _____  X 12-17-2024
Jordan A. Fautz                     Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____  12-17-2024
Frank Mascagni                      Date
Counsel for Defendant

MAB:ASM

The United States of America is authorized to inquire about your financial condition and economic circumstances and may verify any information provided in this Financial Disclosure Statement.

This statement is considered incomplete unless you have (1) completed each section fully and accurately, including those sections applicable to your spouse (if not relevant information, enter "Not Applicable" or "N/A"), (2) provided all supportive documentation in your custody, possession, and control identified in Section 16 of this disclosure statement, (3) certified that the information contained herein is true and correct as of the date that you submit this form to the United States Attorney's Office as set forth in the attached Certification, and (4) initialed the bottom of each page of this form acknowledging that the information you are providing is current, accurate, and complete as of the date that you are submitting it.

I [✓] am [ ] am not *(check one)* represented by counsel in the collection of this debt. If I am represented by counsel, I acknowledge having reviewed the foregoing instructions with my counsel, __FRANK MASCAGNI__
__(502) 583-2831__ _____ *(name, phone number, email).*
__frankmascagniiii@hotmail.com__

NOTE: If additional space is needed in completing any of the sections on this statement, please make a copy of the relevant page(s) and attach it to this form.

X _[signature]_     12-17-2024

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. § 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. § 1651, 3201-3206; 31 U.S.C. § 3701-3733; 44 U.S.C. § 3101; 31 C.F.R. Part 900 et seq.; 28 C.F.R. § 0.160, 0.171 and Appendix to Subpart Y; and 18 U.S.C. § 3664(d)(3).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the applicable Privacy Act Systems of Records Notice: JUSTICE/DOJ-001 Accounting System for the Department of Justice - 69 FR 31406; JUSTICE/DOJ-016 Debt Collection Enforcement System - 77 FR 9965; JUSTICE/TAX-001 Criminal Tax Case Files, Special Project Files, Docket Cards, and Associated Records - 71 FR 11446, 447; JUSTICE/USA-005 Civil Case Files - 53 FR 1864; and JUSTICE/USA-007 Criminal Case Files - 53 FR 1864. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

My response(s) on this page are current, accurate, and complete as of the date that I submit this Financial Disclosure Statement to the United States Attorney's Office, under penalty of perjury. Debtor's Initials: _____  
Financial Disclosure Statement – Individual  
Version: July 2023

11