UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                                   CRIMINAL NO. 3:24-CR-00026-DJH

JORDAN A. FAUTZ                                                                        DEFENDANT

### SENTENCING MEMORANDUM
*Electronically Filed*

The United States of America files its memorandum in support of sentencing in this action and respectfully requests the Court accept the parties' plea agreement and sentence Jordan Fautz to 235 months in prison. The government also requests a lifetime term of supervised release to follow.

### I.     Introduction

This is not a typical child pornography case. Jordan Fautz's was a middle school religion teacher, who used his access to students' images to morph their faces onto images of explicit pornography. He provided those images to other child pornography collectors online. Some of those images contained personally identifying information of the children depicted and their parents. Fautz now stands convicted of seven child pornography related counts. (Presentence Investigation Report, DN 42, at paras. 4-7). The United States is asking the Court to impose a sentence of 235 months' imprisonment followed by a lifetime term of supervised release to reflect the seriousness of the offenses and provide a just punishment.

II.  Factual Background

Jordan Fautz was a middle school religion teacher in Louisville, Kentucky for 12 years prior to his arrest.  (DN 42, at para. 64).  Fautz used a child pornography specific trading room in an online social networking application to trade child pornography.  (Id. at para. 14).  An online undercover FBI agent observed Fautz distribute a photo collage that contained sexually explicit pictures of a 12–15-year-old and her mother.  (Id.).  The collage contained their real names, school yearbook photographs and the name of the school the girl attended.  (Id. at para. 15).  These images were created using photo-editing applications and morphing technology.  (Id. at paras. 14-15).  Fautz also sent folders of child pornography to the undercover agent, which was a mix of real and altered images, and contained the names of the victims as the file names.  (Id. at paras. 16, 18).  Some of the images Fautz created with morphing technology used images of known child pornography with the face of a former student attached to a body engaged in sexually explicit conduct.  (Id. at para. 21).

Investigating agents also learned that Fautz uploaded child pornography, not depicting his students, to a social media application before the online undercover agent discovered Fautz's criminal activity.  (Id. at para. 22).  Fautz engaged in distributing child pornography from his home and the school where he worked.  (Id. at para. 20).  A search of his house revealed child pornography on two of his laptops and his cellular phone.  (Id. at para. 23).  Those devices collectively contained the images the undercover received from Fautz and additional child pornography.  (Id. at paras. 23-25).  A forensic review of the devices revealed Fautz used multiple photo editing applications and software to create fake nude images of middle school aged girls dating back to 2020.  (Id. at para. 25).  Fautz possessed 770 images of child

pornography on his devices at the time of his arrest. (Id. at para. 23).

### III. Crimes of Conviction

On December 18, 2024, Fautz pleaded guilty to all 7 counts of the Superseding Indictment. (Id. at para. 9). He pleaded guilty to three counts of distribution and one count of possession of child pornography. (Id. at paras. 1, 2, and 5). He also pleaded guilty to two counts of distribution of obscene visual representation of child sexual abuse and one count of production of obscene visual representation of child sexual abuse. (Id. at paras. 3, 4, and 6). Fautz pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement where the parties agreed a sentence of 235 months in prison is the appropriate disposition of this case. (Id. at para. 9).

### IV. Statutory Sentencing Provisions

The combined penalty for all counts is a minimum of 5 years imprisonment and a maximum term of 120 years. (Id. at para. 67). Supervised release must be imposed between 5-years and life. (Id. at para. 71).

**A.   Restitution**

Restitution is mandatory in cases involving child exploitation and must be at least $3,000. (Id. at para. 82). The parties have no agreement on restitution, but four victims have requested the government seek restitution on their behaves. Minor Victim 1 is seeking $5,130, Minor Victim 2 is seeking $3,000, Minor Victim 3 is seeking $10,000, and Minor Victim 4 is seeking $10,000. Minor Victim 1 is the only local victim that provided the government with a specific restitution request.

**B.   Forfeiture**

Fautz agreed in the plea agreement to forfeit his Samsung cellular phone serial number:

R28K633L40N; his HP Desktop serial number: MXL1340QGR; and his Dell Laptop serial number: GX136M3. (Id. at para. 9(e)). The government has filed a motion for preliminary order of forfeiture regarding those devices. (DN 44).

### C.     Special Assessments and Fines

Fautz is subject to $700 in special assessments for the mandatory $100 per count of conviction. (DN 42, at para. 77). Fautz is also subject to the Justice for Victims of Trafficking Act, which imposes a special assessment of $5,000 per count for counts 1, 2, 5 and 6 if the defendant is non-indigent. (Id. at para. 78). Because Fautz is likely indigent, the Court can decline to assess this penalty. (See id at para. 66). Fuatz is also subject to the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, but based on his financial situation, he is unlikely to be able to pay any fine amount. (Id. at para 79). Furthermore, any financial penalty should be focused on restitution for the requesting victims.

## V.     Objections to the PSR

The United States has no objections to the PSR.

## VI.     Guideline Calculations

The Guideline offense level is 36 and the Criminal History Category is I, which results in a guideline sentencing range of 188-235 months. (Id. at para. 68). The parties agreed in their plea agreement to a sentence of 235 months, which is a high-end guideline sentence. (Id. at para. 9).

## VII.     Appropriate Sentence

The parties in their plea agreement agree that 235 months is an appropriate sentence in this case. Such a sentence is appropriate under section 3553(a).

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
  . . .
(5) any pertinent policy statement--
  . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This is a novel child pornography case in the Western District of Kentucky. Fautz stands convicted of three counts of distribution of child pornography one count of possession of child pornography, two counts of distribution of obscene visual representation of child sexual abuse and one count of production of obscene visual representation of child sexual abuse. (Id. at paras. 1-7). The Western District of Kentucky has never encountered a case where the defendant was charged and convicted for using Artificial Intelligence and other applications to morph children's faces onto nude bodies engaged in sexually explicit conduct. Fautz used his position as a trusted middle school teacher to gain access to his students' likeness and perverted it. He also doxed

many of the students by sending their corrupted images to child pornography collectors with their real names attached to the pictures. The sentence imposed in this case should be substantial to adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, protect the public from further crimes of the defendant, and provide Fautz with needed correctional treatment. The United States believes that a sentence of 235 months is sufficient but not greater than necessary to address the 3553(a) factors.

### A. The nature and circumstances of the offense and the history and characteristics of the defendant

The nature and circumstances of Fautz's offenses are abusive and perverted. Fautz was a trusted teacher to middle school aged children. He accessed their school pictures and social media pictures, and used various morphing and photo-editing apps to merge their innocent pictures into child pornography. He then distributed those images online providing the real names of the children he violated. The doxing of these victims makes his crimes particularly heinous.

In addition to the child pornography he created from innocent images, he also created similar pictures of school employees and parents. In one instance he took a family vacation photo of some students and their mother and altered the image to make the family appear nude and topless. There are almost two dozen local victims, not including the victims of the child pornography he downloaded or the pictures he created that don't meet the federal definition of victim because the pictures were of topless minors or depicted an adult parent or school employee. Although the creation and dissemination of those pictures do not constitute federal crimes, the people depicted in them are experiencing the same emotional pain and fear as the

federal victims. Fautz has singlehanded destroyed a communities sense of trust, faith, and safety.

Fautz engaged in traditional uploading of child pornography and the novel act of using AI to create images of child pornography from innocent photos of children he knew. The government is seeking a total sentence of 235 months because of the nature of Fautz's conduct and his position of authority, which gave him access to his many victims. Many of the children and their families trusted Fautz to teach and protect them. Instead he abused their trust and exploited them.

  **B.**  **The need for the sentence imposed to reflect the seriousness of the offense**.

A sentence of 235 months followed by a lifetime term of supervised release will reflect the seriousness of Fautz's criminal conduct. A significant sentence of imprisonment will also promote respect for the law and give clear notice to Fautz and the public that people who use children as sex objects will be punished harshly. This point is particularly significant because Fautz taught many of his victims. He used his familiarity with them to access their yearbook photos and social media pictures to create sexually explicit pictures of them. A 235-month sentence will show the public that this type of behavior is intolerable and will be punished appropriately. This is a serious offense with ongoing consequences for the victims and their families.

  **C.**  **The kind of sentences available**

While a sentence of 235 months is significant, it is not long enough for some of the victims and their families who want to see Fautz in prison for the rest of his life for the mental and emotional damage it has caused them. Despite this, the government acknowledges that other defendants with the same guideline offense level for similar crimes have received an average

sentence of 136 months. (DN 42 at para. 69). A 235-month sentence, however, is not excessive considering Fautz's large number of victims, the way he committed his crimes, and his exposure of victims' true identities to unknown strangers online. These images and their names are forever on the internet and can accessible anywhere in the world in the dark corners of the internet. A 235-month sentence is an in-guideline sentence that requires no upward departure or upward variance. It also reflects the obvious negative psychological effects Fautz's victims now suffer as a direct result of his production and distribution of obscene visual representations of their child sexual abuse. Additionally, the parties agreed in the plea agreement that a 235-month sentence is appropriate.

## VIII.  Conclusion

Because of the foregoing, the government respectfully requests the Court accept the parties' plea agreement and sentence Fautz to 235 months in prison followed by a lifetime term of supervised release. This sentence is a guideline sentence that satisfies all 3553(a) requirements.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *A. Spencer McKiness*
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6006
FAX: (502) 582-5067
Spencer.mckiness@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on March 17, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

                                        /s/ *A. Spencer McKiness*
                                        A. Spencer McKiness
                                        Assistant U.S. Attorney